UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE SIMMONS,

        Petitioner,

v.

        CASE NO. 2:07-CV-15442
        HONORABLE AVERN COHN

MICHIGAN DEPARTMENT OF
CORRECTIONS PAROLE BOARD,

        Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Lee Simmons, a state prisoner currently confined at the Pine River Correctional Facility in St. Louis, Michigan, challenges his parole revocation proceedings and current confinement. Petitioner states that he was charged with a parole violation for escape arising from an incident in August, 2007. He was arrested and placed in a county jail. A parole revocation hearing was conducted in September, 2007 and the hearing officer found him not guilty of the charged violation. Petitioner was then transferred to state prison pending an appeal of the hearing officer's decision. In his pleadings, Petitioner asserts that he is being improperly confined in prison pending that appeal in violation of state policy and that he has not been afforded counsel. For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

1

**II.**

A prisoner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation proceedings and decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, *4 (E.D. Mich. Feb. 11, 2003). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied when the state's highest court has been given "a full and fair opportunity" to rule on the petitioner's claims. *Rust*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

Here, Petitioner has not exhausted his state remedies as he has not presented his habeas claims to the Michigan courts. Petitioner has available state court remedies to challenge his parole revocation proceedings and current confinement which must be exhausted before he seeks federal habeas review. For example, Petitioner may file a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. L. § 600.4301 *et seq.*, Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81

(E.D. Mich. 1991). There is no time limitation regarding when such a complaint may be filed, so long as the prisoner will be in custody when the circuit court enters judgment. *See Triplett*, 142 Mich. App. at 778. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301. Additionally, the Administrative Procedures Act, Mich. Comp. L. § 24.201 *et seq.*, provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). The circuit court decision would be appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.

### III.

For the reasons stated above, Petitioner has failed to demonstrate that he has exhausted available state court remedies prior to filing his federal habeas petition. Accordingly, the petition is DISMISSED WITHOUT PREJUDICE. The Court makes no determination as to the merits of Petitioner's claims.

SO ORDERED.

Dated: January 3, 2008          s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

**07-15442 Simmons v. Michigan Department of Corrections Parole Board**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Lee Simmons, 318649, Pine River Correctional Facility, 320 N. Hubbard Street, Saint Louis, MI 48880 on this date, January 3, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160